United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KONATE BOU BOU,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-03622 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 16

Before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus seeking either release or, in the alternative, a constitutionally adequate bond hearing. Dkt. No. 16 ¶¶ 44–82. For the reasons explained below, the petition is GRANTED in part.

Petitioner is detained at the California City Immigration Processing Center pending the resolution of his removal proceedings. Proceeding pro se, he initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. After being appointed counsel, he filed an Amended Petition and application for a temporary restraining order arguing that his detention under 8 U.S.C. § 1225(b)(1) is unlawful and has become unconstitutionally prolonged. *See* Dkt. No. 16 ¶¶ 44–82. The government timely responded to application for the temporary restraining order. *See* Dkt. No. 12. The Court granted the application in part, entered a preliminary injunction, and ordered that Petitioner be provided a constitutionally adequate bond hearing. *See Bou Bou v. Warden, California City Det. Facility*, No. 1:26-CV-03622 (EJD), 2026 WL 1614088 (E.D. Cal. June 4, 2026).

The facts relevant to the instant petition were previously described by the Court in ruling on Petitioner's application for a temporary restraining order and entering a preliminary injunction.

In sum, Petitioner was detained in March 2025 when crossing the border through Roma, Texas, and has remained detained pursuant to § 1225(b)(1) as he has pursued his asylum claim. Dkt. No. 16 ¶¶ 25–43. A bond hearing was held on June 11, 2026 after the Court's entry of a preliminary injunction. Dkt. No. 18-1 at 1. However, Petitioner's immigration counsel formally withdrew the request for a bond hearing in order to gather further evidence to support release on bond. Dkt. No. 19-1 at 3. Respondents contend that "immigration officials will reschedule a hearing upon request from Petitioner or counsel." Dkt. No. 18 at 2.

For the reasons indicated in the Court's order granting a preliminary injunction, the Petition is GRANTED as to Petitioner's due process claim challenging his prolonged detention. *See Bou Bou*, 2026 WL 1614088 at *4–6. However, as the Court found in its prior order, release under these circumstances is not appropriate, and Petitioner has presented no authority to support such relief in reply to the Amended Petition. *Id*. at *6. The appropriate relief remains a constitutionally adequate bond hearing. The Court further incorporates its reasoning from the prior order and DENIES Petitioner's statutory claim. *Id*. at *2.

Accordingly, Respondents are ordered to provide Petitioner with a constitutionally adequate bond hearing withing fourteen (14) of this order, or upon a later date requested by Petitioner or his counsel. At this hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present. In the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond, the immigration judge shall consider Petitioner's financial circumstances. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: August 7, 2026

EDWARD J. DAVILA
United States District Judge